STEPHEN J. SIMONI (Bar No. 284558)
 StephenSimoni@yahoo.com
**SIMONI CONSUMER CLASS ACTION**
      **LAW OFFICES**
12131 Turnberry Drive, Suite 100
Rancho Mirage, CA 92270-1500
Telephone:  (917) 621-5795

*Attorney for Individual and Representative*
*Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| STEPHEN SIMONI, Individually and on behalf of all others similarly situated, | No. 5:14-cv-330( ) |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| NEWO CORPORATION, AMPED WIRELESS, and DOES 1 through 10, inclusive, | |
| Defendants. | |

      Plaintiff Stephen Simoni, individually and on behalf of the Class defined below, brings this action for damages, restitution, and injunctive relief under rights created pursuant to state law pursuant to diversity jurisdiction under 28 U.S.C. section 1332(d) ("Diversity" Jurisdiction) and related claims that form part of the same case or controversy under 28 U.S.C. section 1367(a) ("Supplemental" Jurisdiction) against Defendants

Newo Corporation, Amped Wireless (collectively, **"Newo"** or **"Company"**), and Does 1 through 10, inclusive, demanding a trial by jury, and complains and alleges as follows:

## INTRODUCTION

1.     Defendant Newo Corporation (**"Company"**) is a corporation formed under the laws of the State of California, registered with the California Secretary of State as Entity Number C3054082, and maintains principal offices in the State of California that markets and sells, *inter alia*, products used by consumers to extend the range of Wi-Fi service ("Range Extenders").  Company's Range Extenders are more expensive than most competitor Range Extenders.  Company justifies the higher price for its Range Extenders, which retail for as much as $200.00 (more than **triple the price** of competitor products), by promising that the Company's Range Extenders "work with any Router/Gateway."

2.     Plaintiff brings this action to challenge, *inter alia*, the Company's deliberate fraudulent, tortious, misleading, and unfair business practices in its marketing and sales by which it reaps millions of dollars in ill-gotten profits from thousands of consumers nationwide who purchase Company's Range Extenders on the fraudulent premise that they "work with any Router/Gateway." Company's knowingly false statements are a key component of the Company's marketing strategy and contribute substantially to Company's gross revenues and net income at the expense of consumers who suffer the damages of Company's knowingly false statements.  As detailed below, Plaintiff and the Class have suffered actual and monetary injury as a result

of Company's wrongful practices and Company has been unjustly enriched by these practices.

3. All of the claims asserted herein arise out of Company's knowingly false and unfair marketing strategies and are a common fact pattern as to each member of the Class defined below. Company fraudulently sells Range Extenders that--in direct contravention of Company promises--do *not* "work with any Router/Gateway;" in fact, Company recently acknowledged that its Range Extenders do not work with one of the most common routers used by one of the largest providers of Internet access services to consumers throughout the United States, i.e., the Motorola Surfboard router provided by Time Warner Cable Company. The fraudulent statements *increase* Company's sales and profits by generating sales of Company Range Extenders that otherwise would not have occurred.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1332(d). This is a proposed class action involving more than one hundred (100) class members, at least one member of the putative class is a citizen of a state different from Defendants, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

5. This Court has personal jurisdiction over Defendants pursuant to California Code of Civil Procedure § 410.10 because they are incorporated in California, do business in California, have committed acts or omissions in California, and/or have

caused effects in California with respect to one or more causes of action arising from these effects.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(a) and (c) in that Company conducts business, and substantial part of the events giving rise to Plaintiffs' claims occurred, in this judicial district.

## THE PARTIES

7. Plaintiff Stephen Simoni ("Plaintiff") is an individual who responded to Company's marketing and purchased a Company Range Extender.

8. Plaintiff, due to Defendants' knowingly false statements, purchased the Company's Amped Wireless Range Extender because he was promised that the Range Extender would "work with any Router/Gateway." Plaintiff thereby sustained actual and monetary damages as more fully set forth below.

9. Defendant Newo Corporation ("Company") is a corporation incorporated in the State of California whose principal offices are located at 13089 Peyton Drive, #C307, Chino Hills, California. Newo represents that Defendant Amped Wireless is "a division of" Newo.

10. Except as described herein, Plaintiff is ignorant of the true names of defendants sued as Does 1 through 10, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

11. At all times herein mentioned, Company and the Doe Defendants (collectively, "Defendants"), and each of them, were

1 an agent or joint venturer of each of the other, and in doing
2 the acts alleged herein, were acting within the scope of such
3 agency.  Each Defendant had actual and/or constructive knowledge
4 of the acts of each of the other Defendants, and ratified,
5 approved, joined in, acquiesced and/or authorized the wrongful
6 acts of each co-Defendant, and/or retained the benefits of said
7 wrongful acts.

    12.  Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

    13.  At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

### FACTUAL ALLEGATIONS

    14.  Company increases its revenues with its fraudulent marketing by making the knowingly false statements on the Internet, in press releases, and on product packaging that the Company's Range Extenders "work with any Router/Gateway."

    15.  In response to Defendants' written, electronic, printed, and other solicitations, Plaintiff purchased a Company

1 Range Extender in October 2013.

2    16.  Plaintiff also paid for an entity to professionally install the Company Range Extender.

4    17.  When Plaintiff experienced **worse** Wi-Fi service with the Company's Range Extender than he had experienced prior to installation of the Company's Range Extender, he contacted Company and was informed that the Company's Range Extender was not compatible with the Motorola Surfboard router provided by Plaintiff's Internet service provider, Time Warner Cable Company. Plaintiff then had to incur the expense of obtaining a different router from his Internet Service Provider and arranging for the removal of the Motorola Surfboard router.

13    18.  That Company's statements were knowingly false because Company knew at the time of the statements that its Range Extenders did **not** "work with any Router/Gateway:" While Company made its statements, retailers such as BestBuy truthfully stated the industry knowledge that the Company Range Extenders are "compatible with most" routers.

## CLASS ACTION ALLEGATIONS

21    19.  Plaintiff brings this action on behalf of himself and all persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of each of those provisions. The Class is defined as follows:

> All purchasers of Company Range Extenders from Defendants during the four years prior to this Complaint's filing which Range

>Extender was not compatible with the purchaser's router and/or gateway. Excluded from the Class are: (1) employees of the Defendants, including their officers or directors; (2) Defendants' affiliates, subsidiaries, or co-conspirators; and (3) the Court to which this case is assigned.

20. The Claims herein have been brought and may properly be maintained as a class action because there is a well-defined community of interest among Class members with respect to the claims asserted herein and the proposed Class is ascertainable:

>a. <u>Numerosity</u>: On information and belief, **thousands** of individuals have purchased Range Extenders from Defendants in reliance on the statements that Company's Range Extenders "work with any Router/Gateway." Thus, although the number of Class members is currently indeterminate, it is sufficiently large to satisfy the numerosity requirement.

>b. <u>Existence and predominance of common questions</u>: Common questions of law and/or fact exist as to the members of the Class and, in addition, common questions of law and/or fact predominate over questions affecting only individual members of the Class. The common questions include the following:

>>a. What statements were made by Company in its solicitation of Range Extender purchases?

>>b. Were Company's statements likely to deceive?

>>c. Whether the reasonable recipient of Company's statements would have expected that

**CLASS ACTION COMPLAINT; JURY TRIAL DEMAND,** No. 5:14-cv-330(   )          7

Defendants' Range Extender to "work with any Router/Gateway?"

    d. Was Company unjustly enriched by the challenged practices?

    e. Did Company's practices violate the California Consumer Legal Remedies Act?

    f. Did Company's practices violate the California False Advertising Law?

    g. Did Company's practices violate the California Unfair Competition Law?

    h. Did Plaintiff and the Class members sustain damages, and, if so, what is the proper measure of such damages? and

    i. Are Plaintiff and the Class Members entitled to the injunctive and equitable relief requested herein?

c. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class. Plaintiff received knowingly false statements from Company upon which Plaintiff relied. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d. <u>Adequacy</u>: Plaintiff is an adequate representative of the Class. His interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff has retained counsel competent and experienced in class action litigation and Plaintiff intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of Class members.

   e. <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class members is not practicable.  The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible.  Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

  21. In the alternative, the Class may be certified because:

   a. The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant; and

   b.  Defendant has acted and/or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to members of the Class as a whole.

  22.  The claims of the representative plaintiff are typical of the claims of the Class.  There are no material conflicts with any other member of the Class that would make class certification inappropriate.  Plaintiff and counsel will fairly and adequately represent the interests of the Class.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts if individual litigation of numerous cases would proceed. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.

25. Injunctive relief is appropriate as to the Class as a whole because defendants have acted or refused to act on grounds generally applicable to the Class.

26. Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing Class members with a method for the redress of claims that may otherwise not warrant individual litigation.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(Violations of the California Consumers Legal Remedies Act)

27. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

28. The Consumer Legal Remedies Act ("CLRA") at Civil Code Section 1750 *et seq.* was designed and enacted to protect consumers from unfair and deceptive business practices.

29. The CLRA applies to Defendants' actions and conduct described herein because it extends to the sale of products and services (i.e., Range Extenders at residential real property) for personal, family or household use.

30. At all relevant times, Plaintiff and members of the Class were "consumers" as that term is defined in Civil Code Section 1761(d).

31. The transactions from which this action arises include transactions involving the sale of services for personal, family or household purposes within the meaning of Civil Code Section 1761.

32. Defendants' practices in connection with its marketing violate Civil Code Section 1770 (a)(14) in that Defendants knowingly misrepresented the legal rights, obligations, or remedies involved in the sale of Company's Range Extenders.

33. Defendants' violations of Civil Code 1770 present a continuing threat to members of the public in that Defendants continue to engage in the practices alleged herein and will not cease until an injunction is issued by this Court.

34. Plaintiff and Class are entitled to an award of attorneys' fees and costs pursuant to Civil Code Section 1780(d).

**SECOND CAUSE OF ACTION**

(Violations of the California False Advertising Law)

35. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

36. Company's use of various forms of advertising media in its marketing of Range Extenders constitutes unfair competition and unfair, deceptive, untrue or misleading advertising under the California False Advertising Law at Business & Professions Code Section 17500 *et seq*. These advertisements and practices have deceived, and are likely to deceive, the consuming public, in violation of those sections.

37. Defendants' business acts and practices, as alleged herein, have caused actual injury to Plaintiff and members of the Class.

38. Plaintiff and the Class are entitled to injunctive relief, enjoining defendants to cease and desist from engaging in the practices described herein.

**THIRD CAUSE OF ACTION**

(Violations of the California Unfair Competition Law)

39. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

40. Defendants have engaged in unfair competition within the meaning of the California Unfair Competition Law at Business

& Professions Code Section 17200 *et seq.* because Defendants' conduct is misleading, unfair, and illegal as herein alleged.

41.  Defendants' wrongful business acts constituted, and constitute, a continuing course of conduct of unfair competition because defendants are marketing and selling Company Range Extenders by use of statements that are likely to deceive the public, and Plaintiff and members of the Class suffered actual harm as a result.

42.  Defendants' business practices are unlawful because the conduct constitutes false marketing and advertising, as well as the other causes of action herein alleged.

43.  The practices are unfair because they were likely to deceive consumers into believing that Defendants' Range Extenders "work with any Router/Gateway" and therefore cause consumers to consider and purchase Company's Range Extenders that they otherwise would not consider nor purchase.

44.  Defendants' practices are injurious to competition because Company is undermining competitors who adhere to honest and full solicitation practices.

45.  Plaintiff has standing to pursue the claims because he has been injured by virtue of suffering a loss of money as a result of the wrongful conduct alleged herein.

46.  Plaintiff and the Class are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits that may have been obtained by Defendants as a result of such business acts or practices, and enjoining Defendants to cease and desist from engaging in the practices described herein.

**FOURTH CAUSE OF ACTION**

(Unjust Enrichment)

47. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

48. As a direct and proximate result of Defendants' misleading and unfair business practices, Defendants have been unjustly enriched by the increased revenue and profit derived from selling their Range Extenders that they would not have sold without having first committed the wrongdoing detailed herein.

**FIFTH CAUSE OF ACTION**

(Fraud)

49. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

50. As a direct and proximate result of Defendants' knowingly false solicitations, Company causes Plaintiff and the Class to spend money and provides the Company with money that it would not have received without having first committed the wrongdoing detailed herein.

**SIXTH CAUSE OF ACTION**

(Breach of Contract)

51. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

52. Company states that the Range Extenders "work with any Router/Gateway," but they do not.

53. Company's Range Extenders are more expensive than most competitor Range Extenders. Company justifies the higher price for its Range Extenders, which retail for as much as $200.00

(more than *triple the price* of competitor products), by promising that the Company's Range Extenders "work with any Router/Gateway."

54. Consumers purchase Company's Range Extenders and discover that they do *not* "work with any Router/Gateway."

55. As a direct and proximate result of Defendants' failure to provide what they agreed to provide for its expensive product, Plaintiff and Class are harmed by having purchased Range Extenders that do not work with the purchaser's Router/Gateway.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

**PRAYER FOR RELIEF**

1. Certification of the proposed Class and notice and claims administration to be paid by Defendants;
2. Compensatory, general, consequential, and incidental damages according to proof and/or as presumed by statute;
3. Special damages according to proof;
4. Punitive damages to punish Company for its knowing, willful, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful tortious conduct;
5. Restitution and disgorgement of the increased revenue and profit derived from the fraudulent sale of Range Extenders;
6. Injunctive relief against Defendants, and each of them, to prevent future wrongful conduct;
7. Prejudgment at the maximum legal rate;
8. Costs of the proceedings herein;

9. Statutory damages;

10. Reasonable attorneys' fees; and

11. All such other and further relief as the Court deems just.

Dated: February 21, 2014          Respectfully submitted,


                                  By: ___/s/_____
                                  STEPHEN J. SIMONI (Bar No. 284558)
                                       StephenSimoni@yahoo.com
                                  **SIMONI CONSUMER CLASS ACTION**
                                       **LAW OFFICES**
                                  12131 Turnberry Drive, Suite 100
                                  Rancho Mirage, CA 92270-1500
                                  Telephone:  (917) 621-5795

                                  *Attorney for Plaintiff and the*
                                       *Proposed Class*


**DEMAND FOR JURY TRIAL**

Plaintiff on behalf of himself and all others similarly situated hereby requests a jury trial on all claims so triable.

Dated: February 21, 2014          Respectfully submitted,


                                  By: ___/s/_____
                                  STEPHEN J. SIMONI (Bar No. 284558)
                                       StephenSimoni@yahoo.com
                                  **SIMONI CONSUMER CLASS ACTION**
                                       **LAW OFFICES**
                                  12131 Turnberry Drive, Suite 100
                                  Rancho Mirage, CA 92270-1500
                                  Telephone:  (917) 621-5795

                                  *Attorney for Plaintiff and the*
                                       *Proposed Class*

**CLASS ACTION COMPLAINT; JURY TRIAL DEMAND,** No. 5:14-cv-330(   )          16